**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEX MANRIQUE DE LEON, a.k.a. Carlos De La Cruz-Maya, a.k.a. Alex Manrique De Leo Morales, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 12-73172 Agency No. A079-768-096 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Alex Manrique De Leon, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because De Leon did not establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

In denying De Leon's withholding of removal claim, the agency found he failed to establish past persecution or a fear of future persecution on account of a protected ground. When the BIA and IJ issued its decisions, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder,* 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand De Leon's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**